(2) Interrogatory No. 46, with the exception of subsection C.

(3) Interrogatory Nos. 47, 49, and 50. Defendant need only supply information from September, 1978 to June, 1982.

(4) Request to produce No. 12. Defendant need only produce the documents and things that relate to the Franz patent and the Franz patent application. (The Court notes that defendant has already agreed to submit this information.)

(5) Requests to produce Nos. 105 through 107. Defendant need only supply the documents requested from September, 1978 to June, 1982.

**IT IS FURTHER ORDERED** that defendants answer the following questions asked at depositions, which can be found on the following pages:

| ( 1) | page | 127, | line | 7 |
|------|------|------|------|-----|
| ( 2) | " | 135, | " | 12 |
| ( 3) | " | 136, | " | 1 |
| ( 4) | " | 138, | " | 6 |
| ( 5) | " | 208, | " | 25 |
| ( 6) | " | 209, | " | 16 |
| ( 7) | " | 216, | " | 4 |
| ( 8) | " | 223, | " | 10 |
| ( 9) | " | 223, | " | 18 |
| (10) | " | 226, | " | 11 |
| (11) | " | 226, | " | 25 |
| (12) | " | 229, | " | 11 |
| (13) | " | 229, | " | 20 |
| (14) | " | 238, | " | 9 |
| (15) | " | 242, | " | 19 |
| (16) | " | 246, | " | 11 |
| (17) | " | 250, | " | 4 |
| (18) | " | 251, | " | 11 |
| (19) | " | 252, | " | 14 |
| (20) | " | 257, | " | 18 |
| (21) | " | 259, | " | 4 |
| (22) | " | 266, | " | 7 |

### ORDER

This matter comes before the Court on Monsanto's motion for reconsideration of the Court's Order granting the nominal plaintiff, Stauffer, the right to present evidence first at trial.

Upon carefully reviewing the relevant case law cited by the defendant, the Court finds the arguments proffered by the defendant as to why it should be allowed to proceed first with the evidence to be highly persuasive. Under normal circumstances the plaintiff, having the burden of proof, should be allowed to present its case first. But since this is a patent infringement case, the general rules may not apply. Therefore, the Court will now hold in abeyance its previous decision allowing plaintiff to go forward with the evidence first. The Court notes motions for reconsideration ought to be rarely granted; but the Court is of the opinion that in this instance reconsideration is warranted, especially in view of the fact that the authorities cited by defendant appear to be unanimous in holding that patent infringement cases are unique and that a chronological history of the case might best be presented by hearing the defendant's evidence first.

The Court will give Stauffer an opportunity to respond to Monsanto's motion, but all memoranda must be submitted to the Court no later than August 5th, 1985.

**SO ORDERED.**

## RELIABLE TIRE DISTRIBUTORS, INC.
### v.
## The KELLY SPRINGFIELD TIRE COMPANY and Bobby Unser and the Barnes Tire Company, Inc.

### Civ. A. No. 74–3283.

United States District Court, E.D. Pennsylvania.

June 18, 1985.

Francis P. Devine, III, Richard D. Adamson, Guy A. Williams, White & Williams, Philadelphia, Pa., for plaintiff.

Michael M. Baylson, Duane, Morris & Heckscher, Philadelphia, Pa., for Kelly Springfield Tire Co.

Samuel L. Spear, Spear, Wilderman, Sigmond, Borish, Endy and Silverstein, Philadelphia, Pa., for Unser.

Walter M. Phillips, Jr., Phillips & Phelan, Philadelphia, Pa., for Barnes Tire Co.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Pending before this court is the motion of The Barnes Tire Company, Inc. ("Barnes") for judgment notwithstanding the verdict. Plaintiff Reliable Tire Company, Inc. ("Reliable"), a corporation engaged in wholesale tire distribution, brought suit in the Eastern District of Pennsylvania against defendants The Kelly Springfield Tire Company ("Kelly"), Bobby Unser ("Unser") and Barnes for alleged antitrust violations, breach of contract, and tortious interference with contract, arising out of two agreements for the sale of tires.

The court held separate trials on liability and damages. On March 9, 1984, the court's Findings of Fact and Conclusions of Law determined, *inter alia*, that Barnes tortiously interfered with the Reliable-Kelly contract by inducing Kelly to manufacture additional Unser tires for Barnes' customers. Following the trial on damages, the court's Findings of Fact and Conclusions of Law of April 1, 1985, 607 F.Supp. 361, determined that Barnes was liable in the amount of $76,149.80 ($28,685.28 compensatory damages plus prejudgment interest of $32,454.52 plus punitive damages of $15,000). Defendant Barnes contends that this court improperly held that it had waived the defenses of lack of personal jurisdiction and improper venue.

■ Lack of personal jurisdiction is a privileged defense that can be waived "by failure [to] assert [it] reasonably, by formal submission in a cause, or by submission through conduct." *Neirbo Co. v. Bethle-*

*hem Corp.,* 308 U.S. 165, 168, 60 S.Ct. 153, 155, 84 L.Ed. 167 (1939); *see Neifeld v. Steinberg,* 438 F.2d 423 (3d Cir.1971).

■ Rule 12(a) of the Federal Rules of Civil Procedure requires a responsive pleading to be served within twenty (20) days after the service of the summons and complaint. Rule 12(h)(1)[1] does not require the assertion of the defenses of lack of personal jurisdiction or improper venue within the time provided in Rule 12(a) but provides that these defenses will be waived if neither made by motion nor included in a responsive pleading. If an omnibus motion is made under Rule 12(g), defenses of lack of personal jurisdiction and venue must be made at that time.

> The objective of Rule 12 is to eliminate unnecessary delay at the pleading stage by requiring the presentation of an omnibus pre-answer motion in which defendant advances every available Rule 12 defense.

*Marcial UCIN v. S.S. Galicia,* 723 F.2d 994, 997 (1st Cir.1983). Contesting the court's jurisdiction over the person must be done in a timely manner. *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.,* 376 F.2d 543 (3d Cir.1967).

Barnes asserted its defenses of lack of jurisdiction and improper venue on August 3, 1976 in its answer to Reliable's complaint. In that same answer, Barnes asserted a counterclaim against Reliable, claiming that it would have been entitled to receive 20% of the profits Reliable owed Unser. On June 15, 1978, almost two years after Barnes raised the defenses of lack of jurisdiction and improper venue, Barnes filed a motion for summary judgment, in which it argued that under the undisputed facts of the case, Barnes neither violated the anti-trust laws nor interfered with Reliable's contract. Barnes did not indicate that its motion was an alternative to the defense of lack of jurisdiction.

The court denied this motion on the merits on January 30, 1981. At a conference on January 6, 1982, when Barnes reasserted its defense of lack of personal jurisdiction to the surprise of the court, it was ordered to file any motion to dismiss within ten days. Barnes then filed a motion to dismiss for lack of jurisdiction and venue on January 12, 1982. By Order dated February 18, 1982, the court determined that the asserted defenses of lack of jurisdiction and improper venue had been waived. In the same Order, the court also dismissed Barnes' counterclaim with prejudice.

■ In a motion for judgment notwithstanding the verdict,[2] Barnes now reasserts the lack of *in personam* jurisdiction, claiming it does not have sufficient contacts with Pennsylvania. The question this court must address is whether the conduct here, that is, the filing of a counterclaim and a motion for summary judgment, constitutes a waiver of the defenses of lack of personal jurisdiction and improper venue.

In *Neifeld v. Steinberg,* 438 F.2d 423 (3d Cir.1971), the court held that filing a counterclaim with an answer asserting lack of jurisdiction did not constitute a waiver where the defendant later abandoned the counterclaim. However, the court specifically left open the question whether asserting a counterclaim would constitute a waiver if the defendant were actively to press his claim. Unlike *Neifeld,* where defendant dismissed his counterclaim only a month after it was filed and before plaintiff had answered, Barnes did not request leave to dismiss its counterclaim until over five years after filing it.

There are limits in the extent to which a defendant can actively litigate a case with-

---

1. Federal Rule of Civil Procedure 12(h)(1) provides:

    A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included· in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

2. Of course, in a non-jury case there was no "verdict" but the court considers the motion as one to amend the Findings of Fact and Conclusions of Law under Fed.R.Civ.P. 52(b).

out waiving defenses of personal jurisdiction and improper venue. *See Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *Marcial UCIN v. S.S. Galicia,* 723 F.2d 994 (1st Cir.1983). In *UCIN,* for example, the court held that entering an appearance, taking depositions and waiting four years to present the defense of lack of jurisdiction constituted a waiver. The court found that to hold otherwise would be to obtain the delay which Rule 12 was designed to prevent.

The holding in *UCIN* is applicable here. Barnes asserted a counterclaim in 1976 and filed a motion for summary judgment on the merits in 1978, almost two years later.[3] At no time did Barnes state that this motion was in the alternative to the defenses of lack of jurisdiction and improper venue asserted in its answer. Barnes did not file a motion to dismiss for lack of jurisdiction and venue until January, 1982 when ordered by the court to present the issue for decision, five and one-half years after it first asserted the defenses and over a year after the court had decided its summary judgment motion on the merits. In view of Barnes' dilatory behavior and the prejudice that would result to plaintiff from granting Barnes' motion, this court reaffirms its finding that Barnes waived these defenses by its conduct. To hold otherwise would contravene the policies underlying Rule 12 and result in prejudice to the other parties.

For the foregoing reasons, Barnes' motion for a judgment notwithstanding the verdict is denied.

---

**3.** Although this case was filed in 1974, it was not transferred to this court's docket until October 12, 1978.