**INDEX FUND, INC., Plaintiff,**

v.

**Robert R. HAGOPIAN, John Peter Galanis, Akiyoshi Yamada, Takara Partners, Louise Yamada, Louise Yamada, Inc., Armstrong Investors S.A., Armstrong Capital S.A., Pericles Constantinou, Provident Securities, Inc., First National City Trust Company (Bahamas) Ltd., First National City Bank, Defendants.**

**No. 73 Civ. 2665 (CHT).**

United States District Court,
S.D. New York.

Aug. 12, 1985.

As Amended Aug. 30, 1985.

---

Charles E. McGuinness, New York City, for plaintiff.

Shearman & Sterling, New York City (Werner L. Polak, New York City, of counsel), for defendants Citibank, N.A., and Cititrust (Bahamas) Ltd.

## OPINION

TENNEY, District Judge.

The plaintiff, Index Fund, Inc. ("Index Fund") began this action in 1973, alleging

that various parties violated the federal securities laws and the common law of fraud. Two of the defendants, First National City Bank ("Citibank") and First National City Trust Company (Bahamas) Limited ("Cititrust") (hereinafter referred to jointly as "defendants"),[1] now move to strike a portion of the plaintiff's amended complaint. The plaintiff cross-moves to strike certain affirmative defenses set forth in the defendants' amended answer, which are based on the *in pari delicto* doctrine. The plaintiff also argues that under Federal Rule of Civil Procedure ("Rule") 12(h)(1), the defendants have waived the right to assert certain affirmative defenses which are also set forth in the defendants' amended answer.

For the reasons set forth below, the defendants' motion to strike is granted. In addition, counsel for the plaintiff is ordered to pay $100 to the defendants' attorneys as a sanction under Rule 11. The plaintiff's motion is denied in all respects.

## BACKGROUND

A detailed discussion of this action is set forth at length in the Court's previous opinion, 417 F.Supp. 738 (S.D.N.Y.1976), and will not be repeated here. A brief recital of the facts will suffice.

The plaintiff claims that it suffered a loss of $1,010,151 as a result of having purchased certain securities that were worthless or overvalued. The plaintiff alleges (1) that the market was fraudulently manipulated by the Armstrong Fund ("Armstrong")—an off-shore mutual fund, and its investment adviser—Everest Management Corporation ("Everest"); and (2) that Armstrong and Everest fraudulently induced the plaintiff to purchase the securities in question by giving the plain-

tiff's employee, Robert R. Hagopian ("Hagopian"), a bribe of approximately $500,000. The plaintiff claims that Cititrust and Citibank—which both had fiduciary responsibilities with respect to Armstrong and Everest—failed to exercise proper supervision and control over the two companies, and therefore are secondarily liable for the alleged wrongdoing.

In 1983, the plaintiff and defendants cross-moved for summary judgment, and the plaintiff moved for leave to amend its complaint. *See* 609 F.Supp. 499 (S.D.N.Y. 1985). The Court denied the plaintiff's motion for summary judgment, and granted partial summary judgment in favor of the defendants. The Court granted the plaintiff's motion to amend, and set forth the manner in which the complaint could be amended.

## DISCUSSION

### I. *Plaintiff's Claim for Punitive Damages*

The defendants contend that after the Court granted the plaintiff's motion to amend its complaint, the plaintiff improperly amended the complaint in a manner which had not been approved by the Court. Specifically, the defendants object to the plaintiff's present assertion of a claim for punitive damages, on the ground that the plaintiff did not obtain the Court's permission to do so as required by Rule 15(a). The defendants argue that the punitive damages claim should therefore be stricken. The Court agrees.

Rule 15(a) provides that, under the circumstances which were present in this case, "a party may amend his pleading only by leave of the court."[2] Although the

1. Although there are numerous defendants in this case, the instant motion involves only the defendants Citibank and Cititrust, and the plaintiff. For simplicity, therefore, any reference to "defendants" in this opinion pertains solely to Citibank and Cititrust.

2. *Rule 15(a) provides:*
   A party may amend his pleading once a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

pleading rules should be applied liberally, leave to amend will not be granted if there is bad faith, undue delay, or undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir.1979); *Middle Atlantic Util. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 384 (2d Cir.1968). The decision of whether to grant leave to amend a complaint is firmly committed to the discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1970).

■ In its motion of July 23, 1983, the plaintiff requested permission to amend its complaint pursuant to Rule 15(a). In granting the plaintiff's motion, the Court set forth the parameters of the amendment that would be permitted. The Court stated that the plaintiff could amend the complaint "to the extent necessary to allege that Cititrust and Citibank are secondarily liable under the doctrine of aiding and abetting, and the doctrine of controlling parties." 609 F.Supp. at 503. Further, in a footnote to that section, the Court specifically identified the laws under which the complaint could be amended. *Id.* at n. 5.

The Court granted the plaintiff's motion in order to permit the plaintiff to pursue claims of secondary liability. In granting the motion, the Court did not give the plaintiff the right to amend the complaint to assert claims that had never before been raised by the plaintiff or considered by the Court. In making its motion to amend, the plaintiff did not request the right to add a punitive damages claim, nor was there any reason for the Court to believe that such a request would be forthcoming. Moreover, the plaintiff commenced this case in 1973, and could have asserted a punitive damages claim twelve years ago when the action was instituted, but did not do so.

In the present case, the plaintiff sought to amend his complaint after the defendants' an-

In light of the fact that the plaintiff did not request or receive permission to assert a claim for punitive damages in its amended complaint, the Court grants the defendants' motion to strike that claim, which is asserted in the plaintiff's amended complaint in ¶¶ 74–79.

## II. *Sanctions*

■ Under Rule 11, a federal court may impose sanctions on an attorney or his client under certain circumstances. Rule 11 provides in relevant part that "[t]he signature of an attorney ... constitutes a certificate by him that he has read the pleading ... [and] that to the best of his knowledge, ... [based on a] reasonable inquiry, it is well grounded in fact and is warranted by existing law.... [If a pleading] is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose an appropriation sanction[.]" *See generally* 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1334 (1971 and 1985 Supp.).

■ The Second Circuit has recently reiterated that sanctions shall be imposed under Rule 11 when it appears that "a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law...." *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985); *see also Nemeroff v. Abelson*, 704 F.2d 652, 660 (2d Cir.1983); *Tedeschi v. Smith Barney, Harris Upham & Co.*, 579 F.Supp. 657, 659–64 (S.D.N.Y.1984), *aff'd*, 757 F.2d 465 (2d Cir.1985); *Andre v. Merrill Lynch Ready Assets Trusts*, 97 F.R.D. 699, 702 (S.D.N.Y.1983). Thus, unless there is a reasonably clear legal justification for filing the pleading in question, sanctions may be appropriate. See Schwarzer, *Sanctions Under New Federal Rule 11—A Closer Look*, 104 F.R.D. 181, 196 (1985).

Rule 11 was amended in 1983 as a result of "[w]idespread concern over frivolous litigation and abusive practices of attor-

swer had been served, and was therefore required to seek leave of the Court.

neys.... The new rule imposes much more specific and extensive obligations on attorneys ... and subjects them to sanctions for violations." Schwarzer, 104 F.R.D. at 181. Rule 11 is "intended to reduce the reluctance of courts to impose sanctions ... by emphasizing the responsibilities of the attorney." Advisory Committee Notes to Rule 11. The district court has broad discretion to fashion an appropriate sanction under Rule 11. *See Eastway*, 762 F.2d at 254 n. 7.

In the case at bar, the plaintiff and its attorney acted in bad faith in adding a $10,000,000 claim for punitive damages to its amended complaint, and this act amounts to a violation of Rule 11.[3] Amending the complaint in such a fashion was not "warranted by existing law" since the law—Rule 15(a)—specifically requires court approval of additional claims.

In amending the complaint to include a claim which had not been approved by the Court, the plaintiff and its attorney acted with flagrant disregard for this Court's ruling on the plaintiff's motion to amend.[4] Further, leaving aside the fact that the Court's prior opinion stated clearly what the plaintiff could include in its amended complaint, the plaintiff had no reasonable basis for concluding that a claim for punitive damages could be asserted at this point in the litigation.

■ Based on the above, the Court concludes that sanctions in this case are in order. The purpose of Rule 11 is twofold: (1) to deter abuses in the signing of pleadings by penalizing the offender, and (2) to compensate the offended party. *See* Advisory Committee Notes on Rule 11; Schwarzer, 104 F.R.D. at 201. *See also Straub v. Vaisman & Co.*, 540 F.2d 591, 599 (3d Cir.1976).

With this in mind, the Court orders the plaintiff's attorney to pay $100 to the defendants' attorney to offset such attorneys' fees and costs as were incurred in bringing this motion, and, hopefully, to prevent unnecessary litigation in this case in the future. The Court also grants the defendants' motion to strike that portion of the plaintiff's amended complaint which asserts a claim for punitive damages.

### III. *Affirmative Defenses*

The plaintiff has moved pursuant to Rule 12(f) to strike seven of the affirmative de-

---

**3.** In replying to the defendants' motion to strike the claim for punitive damages, the plaintiff states "[i]f a technical violation of [Rule 15(a) ] were to be made out, it is easily corrected, by plaintiff making a motion, at this time, under Rule 15(a) for leave to amend its Complaint for the addition of a claim for punitive damages, *nunc pro tunc*." Even assuming, *arguendo*, that this statement can be considered a full-blown motion for leave to amend, the Court hereby denies the motion in light of the conclusion reached herein that the plaintiff acted in bad faith in asserting the claim for punitive damages.

**4.** In addition, the plaintiff's amended complaint continues to assert claims under Section 206 of the Investment Advisers Act, 15 U.S.C. § 80b–6 (1982), and Sections 17(e)(1) and 36 of the Investment Company Act, 15 U.S.C. §§ 80a–17(e)(1), 80a–35 (1982), against all defendants except Cititrust and Citibank. *See* Plaintiff's Amended Complaint, ¶¶ 43–56. In its most recent opinion, however, the Court determined that such claims could not be asserted by the plaintiff. See 609 F.Supp. at 505–06.

The Court dismissed the plaintiff's claims under § 206 of the Investment Advisers Act be-

cause there is no private cause of action under that section. *See Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 24, 100 S.Ct. 242, 249, 62 L.Ed.2d 146 (1979). The Court also dismissed the plaintiff's claims under § 36 of the Investment Company Act because "the plaintiff is not within the group of investors that § 36 is intended to benefit." Finally, the Court dismissed the plaintiff's claims against Citibank and Cititrust under Section 17(e)(1) of the Investment Company Act. Section 17(e)(1) makes it unlawful for a person acting as an agent for an investment company to accept a bribe. In this case, however, the individual who accepted the bribe, Hagopian, was not acting as an agent for any of the other parties named as defendants in the action. The Court held that the plaintiff therefore could not assert a claim under Section 17(e)(1) against any party except Hagopian.

In light of this Court's prior opinion, the Court hereby dismisses the claims asserted in the amended complaint under Section 206 of the Investment Advisers Act, and under Section 36 of the Investment Company Act, since those claims cannot stand as a matter of law. The Court also dismisses the plaintiff's claims under Section 17(e)(1) of the Investment Company Act against all defendants except Hagopian.

fenses asserted by the defendants.[5] The plaintiff contends that those affirmative defenses are based on the *in pari delicto* doctrine, and, therefore, are insufficient as a matter of law. The motion is denied for the reasons set forth below.

In addition, the plaintiff argues that, under Rule 12(h)(1), the defendants waived their right to assert lack of personal jurisdiction, insufficient service of process, and improper venue as affirmative defenses.[6] The Court concludes that the defendants did not waive those affirmative defenses.

### A. *Motion to Strike*

The plaintiff moves to strike—as insufficient—the defendants' affirmative defenses two through seven, in which the defendants assert that the plaintiff itself is liable for its losses as a result of its own wrongdoing.[7]

Motions to strike a defense are not viewed favorably by the courts. *See Ciminelli v. Cablevision*, 583 F.Supp. 144, 162 (E.D.N.Y.1984); *Wohl v. Blair & Co.*, 50 F.R.D. 89, 91 (S.D.N.Y.1970); 5 Wright and Miller, *supra*, § 1381, at 799. A motion to strike will be granted only if the defense asserted is clearly insufficient as a matter of law. *See United States v. 416.18 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975); *United States v. 729.773 Acres of Land*, 531 F.Supp. 967, 971 (D. Hawaii 1982); *Durham Indus., Inc. v. North River Ins. Co.*, 482 F.Supp. 910, 913 (S.D.N.Y. 1979). If the sufficiency of the defense depends upon disputed questions of fact or law, then the motion to strike will be denied. *See Linker v. Custom-Bilt Mach. Inc.*, 594 F.Supp. 894, 898 (E.D.Pa.1984); *Ciminelli*, 583 F.Supp. at 162; *Sample v. Gotham Football Club, Inc.*, 59 F.R.D. 160, 169 (S.D.N.Y.1973); *Systems Corp. v. American Tel. & Tel. Co.*, 60 F.R.D. 692, 694 (S.D.N.Y.1973).

In deciding a motion to strike, a court will not consider matters outside the pleadings, and well-pleaded facts will be accepted as true. *See U.S. Oil Co. v. Koch Refining Co.*, 518 F.Supp. 957, 959 (E.D. Wis.1981) ("If matters outside the pleadings are presented and considered the motion shall be treated as a motion for partial summary judgment and the responding party should have an opportunity to conduct discovery and present evidence in opposition to the motion...."); 2A Moore's Federal Practice, *supra*, ¶ 12.21[3]. If the defense appears to be valid on the basis of the pleading, then the motion to strike will be denied, even though some defenses that are sufficient as a matter of pleading may not be supported by the facts. *See Krauss v. Keibler-Thompson Corp.*, 72 F.R.D. 615, 617 (D.Del.1976) ("There may indeed be strong policy reasons for permitting a court to look outside the pleadings in ruling on a motion to strike, but this Court is bound by the Federal Rules of Civil Procedure as they are presently drafted."); 5 Wright and Miller, *supra*, § 1381, at 803 ("Some difficulty [may be] encountered in dealing with defenses that are sufficient as a matter of pleading, but are not supported by the facts.... [Nevertheless,] a motion to strike cannot be used to test the underlying merits of the defense [if] the defense appears to be valid on the basis of the pleading....").

With this legal standard in mind, the Court concludes that the plaintiff's motion to strike affirmative defenses two through seven must be denied. The affirmative defenses in issue are sufficient on their fact to support the *in pari delicto* defense.

Under the doctrine of *in pari delicto*, the plaintiff's claims will be barred only if the defendants show that "the plaintiff bears at least substantially equal responsibility for the violations [it] seeks to redress." *Bateman Eichler, Hill Richards, Inc. v. Berner*, —— U.S. ——, 105 S.Ct. 2622, 2629, 86 L.Ed.2d 215 (1985). *See Mallis v. Bankers Trust Co.*, 615 F.2d 68, 75 (2d Cir.1980), *cert. denied*, 449 U.S. 1123, 101 S.Ct. 938, 67 L.Ed.2d 109 (1981);

---

**5.** See defendants' affirmative defenses two through seven. Answer to Amended Complaint and Cross-Claims, ¶¶ 81–86.

**6.** See defendants' affirmative defenses twelve through fourteen. *Id.* ¶¶ 91–93.

**7.** *See supra* note 4.

*Savino v. E.F. Hutton & Co.*, 507 F.Supp. 1225, 1234 n. 6 (S.D.N.Y.1981). In light of the documentation, affidavits, and interrogatories submitted in support of the prior cross-motions for summary judgment, it appears extremely unlikely that the defendants will be able to show substantially equal culpability on the part of the plaintiff for the securities violations alleged herein. Because this motion is limited to the consideration of the pleadings, however, and outside matters may not be considered, the affirmative defenses at issue will not be stricken. Accordingly, the plaintiff's motion to strike the affirmative defenses two through seven is denied.

B. *Waiver*

■ The plaintiff also argues that, under Rule 12(h)(1), the defendants have waived their right to assert affirmative defenses concerning venue, personal jurisdiction, and service of process, which have been set forth in the defendants' amended answer. The plaintiff contends that those defenses were waived because the defendants did not raise them in their recent Rule 12(c) motion for judgment on the pleadings. This argument has no merit.

Rule 12(h)(1) provides:

A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a [Rule 12] motion ... or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

■ It is well established that under this Rule, a defendant who wishes to raise one of these defenses, "must do so in [his] first defensive move, be it a Rule 12 motion or a responsive pleading." *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 738 (1st Cir. 1983). *See Chase v. Pan-Pacific Broadcasting, Inc.*, 750 F.2d 131 (D.C.Cir.1984); *Myers v. American Dental Assoc.*, 695 F.2d 716, 720–21 (2d Cir.1982), *cert. denied*, 462 U.S. 1106, 103 S.Ct. 2453, 77 L.Ed.2d 1333 (1983); *Morgan Guaranty Trust Co. v. Blum*, 649 F.2d 342, 345 (5th Cir.1981);

*Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir.1978); *Crocker Nat'l Bank v. Fox & Co.*, 103 F.R.D. 388, 391 (S.D.N.Y.1984). *See generally* 5 Wright and Miller, *supra*, § 1391; 2A Moore's Federal Practice, *supra*, ¶ 12.23. In other words, a defendant who wishes to assert the defense of lack of personal jurisdiction, improper venue or insufficient service of process, must do so in either a preliminary Rule 12 motion, or in a responsive pleading, whichever is filed first.

■ The purpose of Rule 12(h)(1) is to insure that the specified defenses are asserted at the earliest possible date. *See Kinetic Concepts, Inc. v. Kinetic Concepts, Inc.*, 601 F.Supp. 496, 500 n. 2 (N.D. Ga.1985). A defendant must "exercise great diligence in challenging personal jurisdiction, venue, or service of process." 5 Wright and Miller, *supra*, § 1391.

Rule 12(h)(1) imposes certain restrictions on a defendant who elects to make a Rule 12 motion before answering. As explained in the Advisory Committee's Notes on Rule 12(h)(1)(A), "[a] party who by motion invites the court to pass upon a threshold defense [must] bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job." "[S]pecified defenses which were available to a party when he made a preanswer motion, but which he omitted from the motion, are waived." *Id.*

In the case at bar, a brief summary of this action's procedural history will help to clarify why the plaintiff made this motion and why the motion must be denied. The plaintiff commenced this action in 1973, and the defendants, Cititrust and Citibank, filed their answer in 1973. The affirmative defenses of improper venue, lack of personal jurisdiction, and insufficient service of process were set forth in that answer.

In 1983, the defendants made a Rule 12(c) motion for judgment on the pleadings, which the Court denied. At the same time, the plaintiff moved for leave to amend the complaint, and the Court granted permission. After the plaintiff filed its amended

complaint, Cititrust and Citibank filed an amended answer, in which the defendants again set forth the affirmative defenses at issue here.

The plaintiff now contends that because the defendants did not raise the issue of venue, personal jurisdiction or service of process in their Rule 12(c) motion, the defendants have waived those defenses. This argument, however, misses the mark. Rule 12(h)(1) is inapplicable in this case. The defendants' Rule 12(c) motion was not a pre-answer motion, and the defendants properly asserted the pertinent defenses in their answer, which was filed in 1973.[8] The subsequent motion brought under Rule 12(c) did not trigger the waiver provisions of Rule 12(h)(1).

Furthermore, it should be noted that this is not a situation in which the defendants are attempting to amend their answer to assert defenses not previously raised. In this instance, the affirmative defenses being challenged were asserted in the defendants' original answer and the defendants filed an amended answer only because the plaintiff filed an amended complaint.[9] Thus, Rule 12(h)(1) does not apply.

The plaintiff erroneously relies on *Rowley v. McMillan*, 502 F.2d 1326 (4th Cir. 1974); *Ross v. United States*, 574 F.Supp. 536 (S.D.N.Y.1983); *Church of Scientology v. Linberg*, 529 F.Supp. 945 (D.Cal.1981). In each of these cases, the defendants made pre-answer motions, but failed to raise certain affirmative defenses, and in each case, the court held that the defendants had waived their defenses under Rule 12(h)(1). In the case at bar, however, there was no pre-answer motion, and the defendants raised the relevant defenses at the appropriate time.

For the reasons set forth above, the Court concludes that the defendants' affirmative defenses concerning personal jurisdiction, venue, and service of process have not been waived.

## CONCLUSION

The defendants' motion to strike the claim for punitive damages asserted in the plaintiff's amended complaint is granted, and sanctions are imposed on the plaintiff's attorney for having included that claim in the amended complaint. The plaintiff's motion to strike the affirmative defenses based on the *in pari delicto* doctrine is denied. In addition, the Court concludes that the defendants did not waive the right to assert defenses concerning personal jurisdiction, venue, and service of process.

So ordered.

---

**8.** Rule 12 does not mandate that a defendant present a defense by motion prior to asserting it in a responsive pleading. *See Birge v. Delta Air Lines, Inc.,* 597 F.Supp. 448, 450 (N.D.Ga.1984).

**9.** *See Kinetic Concepts, Inc. v. Kinetic Concepts, Inc.,* 601 F.Supp. at 500 n. 2 ("Answering an amended complaint is not the same as amending ... the original answer.").