**CLASSIC MOTEL, INC., Plaintiff,**

v.

**CORAL GROUP, LTD., Jaydev Purchasing Group Corporation; and Jaydev Patel, Individually, Defendants.**

**Civ. A. No. J90–0160(W).**

United States District Court,
S.D. Mississippi,
Jackson Division.

May 6, 1993.

Yogesh K. Nanji, Jackson, MS, for plaintiff.

Frank D. Montague, Jr., Hattiesburg, MS, Robert C. Compton, El Dorado, AR, for defendants.

## ORDER GRANTING MOTION OF JAYDEV PATEL, INDIVIDUALLY, TO DISMISS PLAINTIFF'S SUMMONS AND COMPLAINT FOR LACK OF PERSONAL JURISDICTION

WINGATE, District Judge.

Before this court is the motion of individual defendant Jaydev Patel to dismiss plaintiff's summons and complaint against him for lack of personal jurisdiction pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure,[1] filed on June 4, 1992. The only issue raised here is whether the defendant has waived his right to assert the absence of personal jurisdiction.

---

1. Rule 12(b)(2) states as follows:
   (b) **How Presented.** Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ...
   (2) lack of jurisdiction over the person,

2. Title 28 U.S.C. § 1332 provides in pertinent part:

## PARTIES AND JURISDICTION

Plaintiff Classic Motel is a corporation incorporated under the laws of the State of Mississippi, having its principal place of business in Jackson, Mississippi. Individual defendant Jaydev Patel ("Patel") is an adult resident citizen of New Jersey. His principal place of business is in New Jersey. Defendant Jaydev Patel Purchasing Group Corporation ("Purchasing Group") is a foreign corporation incorporated under the laws of the State of Texas, having its principal place of business in Dallas, Texas. Defendant Coral Group Limited ("Coral Group") is a foreign corporation registered and/or incorporated under the laws of the Turks and Caicos Islands, a territory of the British West Indies. Its principal place of business is Hibiscus Square, Grand Turk, Turks and Caicos, British West Indies. This matter is before the court pursuant to its diversity jurisdiction, 28 U.S.C. § 1332.[2]

## FACTS

This action arises out of a commercial relationship entered into between the defendant purchasing group, of which the individual defendant Patel is the president, and the plaintiff. In late November and early December 1987, the plaintiff contacted the purchasing group to inquire about commercial property and liability insurance. On or about December 10, 1987, the purchasing group purchased an insurance policy from Coral Group on behalf of the plaintiff. During the course of the above transactions, the plaintiff did not contact Patel in New Jersey. Nor did Patel contact the plaintiff in Mississippi.

On or about July 7, 1988, the plaintiff sustained a loss by fire to a portion of its

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—
   (1) citizens of different States;
   (2) citizens of a State and citizens or subjects of a foreign state; ...

insured property. Plaintiff notified the defendants of its loss but never received any proceeds from the policy.[3] The plaintiff subsequently filed this cause of action asserting the following: (1) tortious breach of contract against defendants purchasing group and Coral Group; (2) bad faith, negligence and breach of contractual duty against all defendants; (3) federal and state statutory violations against defendants purchasing group and Coral Group; and (4) punitive damages against all defendants.

As president of the purchasing group, Patel's only contact with Mississippi was a telephone call from Mississippi initiated by officers of the plaintiff corporation (described *supra* in note 3). None of Patel's activities as an officer of the purchasing group occurred in the State of Mississippi. In his individual capacity, defendant Patel has had no contacts with this forum in relation to the facts underlying this action. Defendant Patel's only contacts with Mississippi, in his individual capacity, arose from his occupation as an agent for New York Life Insurance Company ("New York Life"). Patel's principal business is the sale of life insurance for New York Life. In that capacity, unrelated to the instant action, Patel has sold approximately a dozen life insurance policies over the last six years to Mississippi residents or individuals who subsequently moved to Mississippi.

### PROCEDURE

Plaintiff filed its complaint on April 5, 1990. Plaintiff served its complaint on Patel on or about April 12, 1990. Patel's answer, filed on May 30, 1990, asserted, among other things, the absence of personal jurisdiction. In his answer to plaintiff's first amended complaint filed on January 9, 1991, Patel again asserted the absence of personal jurisdiction. In his memorandum brief in support of his motion for summary judgment, the individual defendant also asserted that he had no personal contact with the plaintiff in relation to the plaintiff's enrollment in the purchasing group. *See* Memorandum Brief of Jaydev Patel, Individually, in Support of Motion for Summary Judgment, p. 8.

On September 5, 1991, before this case was reassigned to the undersigned judge, the Honorable Tom S. Lee ordered that all motions, with the exception of evidentiary *in limine* motions, shall be served on or before December 30, 1991.

On December 23, 1991, Patel sought additional time to file his motion for summary judgment. Patel was granted until January 6, 1992, to submit pretrial motions, with the exception of evidentiary *in limine* motions. Patel did not file his motion to dismiss for lack of personal jurisdiction until June 4, 1992.

### DISCUSSION

In his motion to dismiss, Patel asserts that this court does not possess personal jurisdiction over him under Mississippi's long-arm statute, Miss.Code Ann. § 13–3–57 (Supp. 1991).[4] Patel additionally contends that any assertion of personal jurisdiction over him by this court would violate his right to due process under the Fourteenth Amendment of the United States Constitution.

"If the nonresident defendant protests the exercise of personal jurisdiction, the burden falls on plaintiff to make a prima facie showing that personal jurisdiction exists." *Rittenhouse v. Mabry*, 832 F.2d 1380, 1382 (5th

---

3. July 8, 1988, is the only time on which the plaintiff contacted defendant Patel individually. "Frank" Nangi, on behalf of the plaintiff corporation, contacted Patel in New Jersey in an attempt to secure payment. Patel directed them to the offices of the purchasing group in Texas.

4. Miss.Code Ann. § 13–3–57 provides as follows:
    Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

Cir.1987); and *Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1165 (5th Cir.1985). Here, the plaintiff disputes neither the facts nor the law underlying Patel's motion to dismiss and the attendant memorandum brief. The plaintiff's opposition to Patel's motion to dismiss is solely procedural. Apparently, the plaintiff concedes that, aside from his procedural arguments, Patel is entitled to dismissal.

■ Plaintiff asserts that Patel's motion should be denied as it is not timely. That is to say, it was filed approximately six months after the January 6, 1992, court-ordered deadline for serving pretrial motions, with the exception of evidentiary *in limine* motions. Plaintiff relies on Rule 8(*l*) of the Uniform Local Rules of the United States District Court for the Northern and Southern Districts of Mississippi which provides in relevant part that:

> Any motion served beyond the motion deadline imposed in the Scheduling Order entered pursuant to Rule 6(d) with the exception of *in limine* evidentiary motions, *may* be denied solely because the motion is served untimely. (emphasis added)

This case is not set for trial. Nor have any pretrial or settlement conferences been held. This court has not yet ruled on the defendants' dispositive motions for summary judgment. Therefore, it is within this court's discretion to consider Patel's motion to dismiss prior to consideration of his motion for summary judgment pursuant to Rule 10(i) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi which states:

> Notwithstanding any of the provisions of this rule to the contrary, a District Judge may, in his discretion, in any case assigned to him, conduct any or all pretrial conferences, and may enter or modify a scheduling order.

■ The plaintiff's more significant argument is based on the concept of waiver. According to the plaintiff, Patel has waived the defense of the absence of personal jurisdiction by his participation in this action without previously raising the issue of personal jurisdiction via a motion. Plaintiff points out that Patel waited more than two years to move for dismissal based on an absence of personal jurisdiction. During this time, Patel participated in written discovery, deposed the plaintiff and an expert, and filed a motion for summary judgment.

The plaintiff's procedural objections are without merit, for the plaintiff admits that Patel raised the defense of the absence of personal jurisdiction prior to the instant Rule 12(b)(2) motion by asserting said defense in Patel's answer to the plaintiff's first amended complaint filed on January 9, 1991. (Memorandum Brief in Opposition to Motion of Jaydev Patel, Individually, to Dismiss for Lack of Personal Jurisdiction, p. 1). Rule 12(h)(1), Federal Rules of Civil Procedure, states as follows:

> (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

The Fifth Circuit has interpreted Rule 12(h)(1) as follows:

> Rule 12(h)(1) provides that the defense of lack of jurisdiction over the person is waived (i) if omitted from a motion under 12(g), or (ii) if it is neither made by motion under Rule 12 nor included in a responsive pleading or an amendment.

*Cactus Pipe & Supply v. M/V Montmartre,* 756 F.2d 1103, 1108 (5th Cir.1985). Here, Patel clearly raised the defense of lack of personal jurisdiction in his January 9, 1991, answer to plaintiff's first amended complaint, a responsive pleading, pursuant to Rule 12(b), Federal Rules of Civil Procedure. *See supra* note 1. Thus, Rule 12(h)(1) does not apply here; Patel has not waived the defense of the absence of personal jurisdiction.

In *Bailey v. Transportation–Communication Employees Union,* 45 F.R.D. 444, 446–47 (N.D.Miss.1968), the Northern District of Mississippi held that "[t]he defendants ... preserved their right to contest the jurisdic-

tion of this Court by stating this objection in their answer ..." and "[r]ule 12(b)(1) clearly states that a party only waives the issue of jurisdiction over his person if he omits this defense from a motion or pleading." *See also* 5A Wright & Miller, *Federal Practice & Procedure* § 1391 at 747 (1990) ("if a party does not make a preliminary motion ..., he may present a Rule 12(b)(2) challenge, but it must be included in his responsive pleadings."); *Broadcast Music, Inc. v. M.T.S. Enterprises*, 811 F.2d 278, 281 (5th Cir.1987) ("[o]bjections to personal jurisdiction ... must be raised in ... a party's first pleading in the case, or they are waived"), and *Golden v. Cox Furniture Mfg. Co., Inc.*, 683 F.2d 115, 118 (5th Cir.1982).

Nor does Patel's participation in this case prior to this court's ruling on a dispositive motion waive his right to assert the defense of lack of personal jurisdiction which Patel preserved when he raised it in his responsive pleading. In *Jonnet v. Dollar Savings Bank of the City of New York*, 530 F.2d 1123, 1125 n. 5 (3rd Cir.1976), the defendant initially asserted the defense of lack of personal jurisdiction in its answer. The Third Circuit held that this defense was not waived by the defendant's acts in conducting discovery for over one year before actually filing a motion. *Id.* In *R. Clinton Construction Co. v. Bryant & Reaves, Inc.*, 442 F.Supp. 838, 848 (N.D.Miss.1977), the court stated that "[the defendant] preserved the defense of lack of in personam jurisdiction by setting up in his answer that specific objection as a ground for dismissal." However, the court went on to find that the defendant waived his personal jurisdiction defense because, unlike the defendant here, the defendant in *R. Clinton Construction Co.* took the affirmative step of filing a fourth party complaint which "expressly invoke[d] [the] court's jurisdiction." *Id.* at 849.

Courts in other federal forums, confronted with the same problems, have reached simi-

lar results. This court finds the reasoning of these cases cogent and persuasive. For example, in *Index Fund, Inc. v. Hagopian*, 107 F.R.D. 95, 102 (S.D.N.Y.1985), the Court denied the plaintiff's motion to strike the defendants' defense of the absence of personal jurisdiction. Plaintiff's motion was based on an implied waiver theory. *Id.* at 101. Defendants raised the defense of the lack of personal jurisdiction in their original answer. *Id.* Ten years later, the defendants filed a Rule 12(c),[5] Federal Rules of Civil Procedure, motion for judgment on the pleadings in which they did not raise the absence of personal jurisdiction. *Id.* Defendants' Rule 12(c) motion was denied and only then in an amended answer did they again raise the defense of the absence of personal jurisdiction. *Id.* at 102. The *Hagopian* Court found that there had been no waiver of the absence of personal jurisdiction defense and denied plaintiff's motion to strike said defense, because the defendants preserved it when they raised it in their original answer ten years earlier. *Id.* Thus, *Hagopian* stands for the proposition that, as long as the defendant has asserted the absence of personal jurisdiction in his answer, the defendants' subsequent filing of a dispositive motion which does not contain the absence of personal jurisdiction defense, does not necessarily waive said defense. Unlike *Hagopian*, this court has not yet ruled on the individual defendant's dispositive motion.

Similarly, in *Wilson v. Kuwahara Co.*, 717 F.Supp. 525, 527 (W.D.Mich.1989), the plaintiff argued that the defendant's participation in discovery and other pretrial activities constituted a waiver of the lack of personal jurisdiction defense, despite the fact that the defendant had raised said defense in its answer and cross-answer. The defendant in *Wilson* "participated on the merits for about 14 months before filing its motion to dismiss...." *Id.* at 527–28. The defendant had answered interrogatories, initiated sever-

---

5. Rule 12(c), Federal Rules of Civil Procedure, provides as follows:

    After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to

and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

al depositions and participated in a status conference with the Magistrate. *Id.* at 528. Nonetheless, the *Wilson* Court found that the defendant had not waived its personal jurisdiction defense.

This court also notes that the cases cited by the plaintiff are legally inapplicable and/or factually inapposite. *Reliable Tire Distributors, Inc. v. Kelly Springfield Tire Co.,* 623 F.Supp. 153 (E.D.Penn.1985), is not applicable here for the following reasons. In *Reliable,* the defendant did not file a motion to dismiss for lack of jurisdiction and venue until ordered by the court to do so, five and one-half years after it first asserted the personal jurisdiction defense, and over a year after the court denied the defendant's summary judgment motion on the merits. *Id.* at 156. The *Reliable* Court characterized the defendant's behavior as "dilatory" and prejudicial. *Id.* Additionally, and perhaps most significantly, the *Reliable* defendant affirmatively invoked the jurisdiction of the court by filing a counterclaim. *Id.* at 155.

In *Yeldell v. Tutt,* 913 F.2d 533, 539 (8th Cir.1990), the Eighth Circuit found that the defendants had waived their right to assert lack of personal jurisdiction. However, in *Yeldell,* unlike here, the defendants denied the existence of personal jurisdiction in their answer, but, significantly, did not reassert this defense until their appeal to the Eighth Circuit. *Id.*

In *Burton v. Northern Dutchess Hosp.,* 106 F.R.D. 477, 479 (S.D.N.Y.1985), in response to the plaintiff's motion to strike the affirmative defenses of lack of personal jurisdiction and statute of limitations from the defendants' answers, the defendants cross-moved to dismiss the complaint pursuant to Rule 12(b)(2) (lack of jurisdiction over the person) and Rule 12(b)(5) (insufficiency of service of process), Federal Rules of Civil Procedure. However, it appears that the actual factual basis of defendants' motion was their contention that they were not properly served with the summons and complaint. *Id.* at 479 and 481. In other words, the Rule 12(b)(2) motion, lack of personal jurisdiction, was based on insufficiency of service of process. Additionally, the defendants, over the course of three and one-half years, repeated-ly failed to avail themselves of opportunities to contest the sufficiency of service of process. *Id.* at 481. During this time, the defendants participated in two pretrial conferences in which they did not raise the issue of sufficiency of process. *Id.* at 482. As the *Burton* Court stated:

> ... [d]efendants did not move to dismiss based on insufficiency of service until after plaintiff moved to strike defendant's affirmative defenses. Such dilatory practice cannot be excused.

■ The thrust of the above-cited authorities persuades this court to reject plaintiff's procedural challenge to defendant's motion as untimely. This court specifically finds that defendant's conduct here does not amount to a waiver under Rule 12(h)(1) of defendant's right to contest whether plaintiff can assert personal jurisdiction over defendant. Further, the court finds that under the facts asserted, this court does not possess personal jurisdiction over defendant Patel under Mississippi's long-arm statute, Miss. Code Ann. § 13–3–57 (Supp.1991). Accordingly, this court grants the motion of defendant Jaydev Patel, in his individual capacity, and the court dismisses him from this lawsuit on the ground that the court lacks personal jurisdiction over him.

**SO ORDERED AND ADJUDGED.**