**In re LEETH CONSTRUCTION, INC., Debtor.**

**Robert J. DAVIS, as Chapter 7 Trustee for the Estate of Leeth Construction, Inc., Plaintiff,**

v.

**U.S. POSTAL SERVICE, Anthony Frank, Postmaster General, Defendants.**

**Bankruptcy No. 89–02655–PHX–CGC.
Adv. No. 91–853.**

United States Bankruptcy Court,
D. Arizona.

July 26, 1994.

---

Edwin P. Lee and Cynthia L. Fulton, Phoenix, AZ, for Trustee Robert J. Davis.

Cynthia M. Parsons, Asst. U.S. Atty., for defendant U.S. (U.S. Postal Service).

## ORDER DISMISSING CASE

CHARLES G. CASE, II, Bankruptcy Judge.

### INTRODUCTION

The Debtor built the Amherst Post Office in Amherst, Massachusetts under contract with the United States Postal Service. On September 13, 1991, the Chapter 7 Trustee, Roger Brown, filed this adversary proceeding against the Postal Service, alleging breach of contract as the result of failure to pay all amounts alleged to be owed by the Debtor. The Summons and Complaint were mailed on October 10, 1991 to "United States Postal Service; Anthony Frank, Postmaster General," and "Anthony Frank, Postmaster General, Washington, D.C. 20260, United States Postal Service, c/o Postmaster General, Washington, D.C. 20260." No further service was made. The Postal Service, through the United States Attorney for the District of Arizona, timely answered on December 13, 1991, asserting insufficiency of service of process (Def's Answer at 3, line 13.) and lack of subject matter jurisdiction (*Id.* at 3) as defenses.

In the ensuing months, the case was continued from time to time on the Court's status conference calendar, with the parties advising the Court, first, that a settlement was underway and, second, that one was not. Eventually, the Trustee sought an additional continuance to complete discovery. Apparently, the first discovery was served by the Trustee April 26, 1993, a year and a half after the case was filed. Among the Postal Service's answers to this written discovery were the factual assertions which supported its claim of improper service of process. The case remained inactive for several months, leading to a February 1, 1994 Order that the case would be dismissed in the absence of good cause shown to the contrary.

In response to the February 1, 1994 Order, Trustee's counsel sought a status conference for the purpose of setting a discovery cut-off date and a trial date. During this time, certain discovery disputes arose which were brought before the court on March 30, 1994. The Postal Service argued that it was answering discovery in good faith, stating that "the United States produced ... a large volume of information organized and tabbed in four large 3–ring binders and answered to the best of [its] ability all interrogatories posed." At a status hearing held on April 4, 1994, which Postal Service's counsel did not attend due to family exigencies, counsel for the Trustee indicated that the Postal Service's answer "stated that this Court lacked subject matter jurisdiction." The Postal Service was ordered to file any motion challenging jurisdiction within thirty days and the matter was set for trial on July 25, 1994. Following the hearing, counsel for Postal Service filed a lengthy "status statement," explaining her client's response to discovery, the extent of document searches undertaken, the non-existence of certain requested documents and the circumstances that led to her non-appearance at the April 4, 1994 status hearing. No mention was made in this filing of either a personal or a subject matter jurisdictional defense to be seriously asserted by the Postal Service.

In apparent response to this Court's April 4 Order, the Postal Service filed the present Motion to Dismiss on April 29, 1994, asserting both insufficiency of service of process and lack of subject matter jurisdiction. The Court grants the Motion to Dismiss on the ground that this Court lacks subject matter jurisdiction. The Court denies the Motion to Dismiss on the ground of insufficiency of service of process, finding that such defense has been waived by the Postal Service.

## ISSUES PRESENTED

The Motion to Dismiss presents the following issues:

1. Whether the Complaint must be dismissed because the Trustee did not comply with the Requirements of Rule 4(d)(5), Rules of Fed.Civ.Proc., or, whether, in the alternative, the Defendant has waived non-compliance.

2. Whether the Complaint must be dismissed because the United States has not waived sovereign immunity so as to confer jurisdiction on the Bankruptcy Court pursuant to 11 U.S.C. § 106 or other provision.

## DISCUSSION

### A. Service

■ The Postal Service moves the Court dismiss the Complaint because the Trustee failed to deliver a copy of the Summons and Complaint to the Office of the United States Attorney for the District of Arizona and to the Attorney General of the United States, as required by Rule 7004, Fed.R.Bankr.Proc. The Trustee alleges that service upon the Postal Service by First Class Mail is sufficient.

Rule 4(d)(5), of the Rules of Federal Civil Procedure, effective January 1, 1990 and incorporated by Bankruptcy Rule 7004(a), provides for service upon an "agency of the United States."[1] Service is accomplished "by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency." Service upon the United States is accomplished "by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought ... and by sending a copy ... by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia...." Rule 4(d)(4). The Trustee concedes it has failed to deliver a copy of the Summons and Complaint to either the United States Attorney for the District of Arizona or to the Attorney General. Unquestionably, the Trustee's failure to effect proper service upon the United States as required by the

---

1. Rule 4(d)(5), Fed.Rules of Civ.Proc. has been replaced by new Rule 4(i). It is not clear to the Court which version of the Federal Rule was incorporated by the Bankruptcy Rules at the time

this complaint was served; however, it is clear that the Trustee did not comply with the requirements of service upon the United States under either rule.

applicable rules would be fatal to his claim in the absence of a waiver of this defense.

The bulk of the Trustee's argument in opposition to the Motion is based upon cases where the Defendant did not raise the insufficiency of service defense in its initial pleading. Here, however, the Postal Service did. Thus, many of the cases the Trustee relies on, including *Wyrough & Loser Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543 (3rd Cir.1967), *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871 (3d Cir.1944), *cert. denied* 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573 (1944) and *Marcial Ucin, S.A. v. S.S. Galicia*, 723 F.2d 994 (1st Cir.1983), are simply not relevant.

Closer on point is *Reliable Tire Distributors, Inc. v. Kelly Springfield Tire Co.*, 623 F.Supp. 153 (D.Pa.1985), where the defendant asserted the defense and counterclaimed, filed a motion for summary judgment without stating that it was in the alternative to its personal defenses, and reasserted its defenses only after losing the summary judgment motion. The court stated

> There are limits in the extent to which a defendant can actively litigate a case without waiving defenses of personal jurisdiction and improper venue.... [T]o hold otherwise would be to obtain the delay which Rule 12 was designed to prevent.

623 F.Supp. at 155–56.

While the Defendant here has not availed itself of this Court by filing a counterclaim, motion for summary judgment or other aggressive pleading, it has provided and engaged in fairly extensive discovery, apparently contemplated and worked on settlement, prepared the case for trial and did not press its defense until forced by the Court to do so. Unquestionably, the purpose of the special service rules for the United States is to guarantee that the government is aware at both the client level, i.e. the Postal Service, and the lawyer level, i.e. the Attorney General and the United States Attorney for the relevant district, of the claims being asserted against the government. Also unquestion-

ably, that awareness exists in this case. The relevant Postal Service employees have been engaged for over a year in searching files and formulating defenses and the government has been represented from the start by the United States Attorney.

The underlying policy of Rule 12 is to require an early hearing and disposition of personal jurisdiction defenses in order to avoid unnecessary cost and delay. Although the Government did preserve the defense in its answer, it not file a motion to dismiss at the beginning of the case to bring the matter to a head. Rather, it has addressed the case on the merits from the beginning and now seeks a dismissal on this non-substantive ground nearly three years later.

The Trustee is certainly not blameless in this matter. While he attempts to deflect responsibility, complaining that the Postal Service has not done anything "to support that defense" since asserting the defense of improper service in its answer, the Trustee could have resolved this issue before proceeding with or as part of its discovery. Most easily of all, the Trustee could simply have remedied its initial error by serving the United States as required by the rules.

Although this case does not present as clear cut a set of facts as *Reliable*, this Court comes down on the side of judicial economy and fair play and holds that the Postal Service has waived its defense of insufficiency of service of process. The Motion to dismiss on that ground is denied.

**B. Subject Matter Jurisdiction**

▆▆▆ The Plaintiff, who has invoked the jurisdiction of the Court, bears the burden of demonstrating there is subject matter jurisdiction. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir.1984) *cert. denied*, 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984). Unlike insufficiency of service of process, challenges to a court's subject matter jurisdiction may be raised at any time and are not subject to implicit waiver. *See* Rule 12(h)(3), Fed. Rules of Civ.Proc.; *Augustine v. United*

*States,* 704 F.2d 1074, 1075 fn. 3 (9th Cir. 1983). Absent waiver of sovereign immunity by the United Stated, this Court lacks subject matter jurisdiction.

The doctrine of sovereign immunity protects governmental units from suits brought by the debtor in a bankruptcy case. *Hoffman v. Connecticut Dep't of Income Maintenance,* 492 U.S. 96, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989). Waiver of sovereign immunity must be unequivocally expressed, must be construed strictly in favor of the sovereign, and must not be enlarged beyond what the language requires. *United States v. Nordic Village, Inc.,* 503 U.S. ——, 112 S.Ct. 1011, 1014–1015, 117 L.Ed.2d 181 (1992). The Plaintiff has not persuaded the Court that it has subject matter jurisdiction over this action and therefore it must be dismissed.

The statute of general bankruptcy jurisdiction, 28 U.S.C. § 1334, does not strip the United States of sovereign immunity, as contended by the Trustee. However, another statute upon which the Trustee relies does provide for limited immunity:

> A governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.

11 U.S.C., § 106(a). Pursuant to Section 106, then, the United States can be sued without its consent where 1) the governmental unit has filed a claim against the estate, and 2) the estate's claim against the government arose out of the same transaction or occurrence as the unit's claim, and 3) the claim against the governmental unit is for property of the estate. *United States v. Germaine (In re Germaine),* 152 B.R. 619, 623–624 (9th Cir. BAP 1993). In other words, if the governmental unit makes claim to property of the estate, the government is open to having a claim asserted back against it. The purpose of § 106(a) is to prevent the government from receiving a distribution on a claim without subjecting itself to any liability it may have to the estate on a compulsory counterclaim. H.R.Rep. No. 595, 95th Cong., 1st Sess. 317 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 20 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

The Trustee concedes that the Postal Service has made no claim upon the estate, formally or informally. However, in this case, the Debtor assigned its Postal Service contract as security for a loan made by a bank which was subsequently taken over by the Federal Deposit Insurance Corporation. While the Postal Service has not filed a claim in this case, the FDIC has. Thus, the Trustee argues that claim of the FDIC for repayment of a loan secured by the contract with the Postal Service satisfies the requirement of a claim for purposes of Section 106(a).

This argument is meritless and disregards the language of the statute, which states that the claim must be made by *the* governmental *unit* from which the Trustee seeks payment. It is not enough that *a* governmental unit has made a claim. The Trustee has cited no authority for this novel reading of the statute.

The government contractor, solvent or otherwise, is bound by complex system of laws and regulations. One given in entering into a contract with the government is that its sovereign immunity must be explicitly waived. For claims arising out of government disputes, the relevant limited waiver is found in the Contract Disputes Act, 41 U.S.C. § 605 et seq. It is to this Act, and its related procedures, the Trustee must look to redress the alleged wrongs by the government against this estate. In the absence of a waiver of sovereign immunity that confers jurisdiction upon this Court, this adversary proceeding must be dismissed.

**THEREFORE, IT IS ORDERED AS FOLLOWS:**

1. The Motion of the Postal Service to dismiss for insufficiency of service of process is denied;

2. The Motion of the Postal Service to dismiss for lack of subject matter jurisdiction is granted.