Lawrence S. MAXWELL, Plaintiff,

v.

J. HENRY, et al., Defendants.

Civ. A. No. H–92–2903.

United States District Court,
S.D. Texas,
Houston Division.

Jan. 19, 1993.

214

Lawrence S. Maxwell, pro se.

Michael J. Hawkins, Houston, Karen K. Karabinos, City of Houston, Legal Dept., Houston, TX, for defendants J. Henry, Sam Nuchia, Houston Police Dept. and City of Houston.

## ORDER

NORMAN W. BLACK, Chief Judge.

Pending before the Court are motions to dismiss filed by Defendants Nuchia, the City of Houston, the Houston Police Department ("HPD"), KHOU–TV, Howard and Goldberg. Defendants KHOU–TV, Howard and Goldberg have also filed a motion for more definite statement. A motion to stay discovery has been filed by Defendant Nuchia. Plaintiff has filed a response only to the motions of Defendant Nuchia.

Plaintiff was arrested on August 21, 1992 during a protest near an abortion clinic in Houston, Texas staged about the time of the Republican National Convention. Plaintiff contends both his arrest and subsequent incarceration were unlawful and the reporting of the incident by the media was unjustified. Plaintiff has filed this lawsuit against numerous Defendants pursuant to 42 U.S.C. § 1983 alleging assorted constitutional violations. Several Defendants have filed motions to dismiss.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). When evaluating a motion to dismiss the Court must assume everything in Plaintiff's complaint is true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Under 42 U.S.C. § 1983 a Plaintiff has a cause of action against any person who, under color of state law, causes another to be deprived of a federally protected constitutional or statutory right. In *Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir.1985) the court imposed heightened pleading requirements for individuals asserting civil rights claims. Plaintiffs must plead all facts with particularity and demonstrate specifically how their federal rights have been violated by each Defendant.

The claims against Sam Nuchia concern actions allegedly taken by him while performing his official duties. Nuchia has filed a motion to dismiss based on qualified immunity. "Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). In cases where a Defendant asserts qualified immunity as a defense, plaintiffs are held to a higher standard and must plead with particularity all facts establishing a right to recovery, including those which negate the qualified immunity defense. *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir.1986).

Plaintiff has made broad conclusory allegations but fails to state specific causes of action against Defendant Nuchia. He does not allege that Nuchia should have known that his actions violated clearly established federal law. The complaint fails to set forth Plaintiff's claims with the specificity required to avoid the immunity defense. In addition,

official capacity suits against a public official "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Department of Social Services,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978). Therefore, the Court finds that Defendant Nuchia is entitled to qualified immunity and all claims against him must be dismissed.

■ A municipality can act only through its human agents, but is not vicariously liable under § 1983. *Monell,* 436 U.S. at 691, 98 S.Ct. at 2036; *Benavides v. County of Wilson, Texas,* 955 F.2d 968, 972 (5th Cir.1992). Therefore, the City of Houston can only be liable if its employees were carrying out City policies. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389–92, 109 S.Ct. 1197, 1205–07, 103 L.Ed.2d 412 (1989). As a result, Plaintiff may recover under § 1983 only if he can show that a City custom or policy resulted in the alleged constitutional violations.

The Court has carefully reviewed Plaintiff's complaint and finds it contains specific facts, which if true, could support his § 1983 claim against the City of Houston. It concludes that Plaintiff's pleadings are sufficient and as a result the claims against the City cannot be dismissed. However, the City may file a motion for summary judgment after discovery is complete.

■ HPD has moved to dismiss on the ground that it is not a legal entity separate from the City of Houston. According to Rule 17 of the Federal Rules of Civil Procedure, parties must have the capacity to sue or be sued. To be sued Defendants must be either individuals or corporations. In addition, partnerships or unincorporated associations have the capacity to be sued if they are recognized by the law of the state in which the suit is filed.

The Houston Police Department is a department within the City of Houston, not an individual, corporation, partnership or unincorporated association. Accordingly, it lacks legal existence and the capacity to be sued. As a result, all claims against HPD must be dismissed.

■ KHOU–TV, Al Howard and David Goldberg (collectively "KHOU") have also moved to dismiss for failure to state a claim. Plaintiff's claims against these Defendants are based on libel, "common law privacy" and "false light publicity." Plaintiff is a limited purpose public figure. As a result he must plead and prove that false and defamatory statements concerning his actions were broadcast with actual malice, knowledge of falsity or reckless disregard of falsity and that KHOU failed to make an adequate investigation and reasonable inquiry into the subject matter prior to its broadcast.

■ It is undisputed that the broadcast in question was based upon the arrest of Plaintiff on a public street in the vicinity of an abortion clinic following an altercation between Plaintiff and the police. The broadcast concerned public controversies and protests pertaining to abortion rights demonstrations on the eve of the Republican National Convention and the related investigations and proceedings to enforce the law.

The Court has reviewed the complaint and fails to find any credible facts suggesting KHOU acted with malice. It concludes that the broadcast in question is privileged as a matter of law under §§ 73.002(b)(1) and (b)(2), Texas Civil Practice and Remedies Code. In addition, Texas law does not recognize the tort of "false light." Accordingly, Plaintiff's claims against the KHOU Defendants must be dismissed. Based on the above, it is

ORDERED that Defendant Nuchia's motion to dismiss (entry 3) is GRANTED. It is further

ORDERED that Defendant Nuchia's motion to stay discovery (entry 3) MOOT. It is further

ORDERED that the motion to dismiss filed by the City of Houston (entry 5) is DENIED. It is further

ORDERED that the Houston Police Department's motion to dismiss (entry 7) is GRANTED. It is further

ORDERED that the motion to dismiss filed by Defendants KHOU–TV, Al Howard

and David Goldberg (entry 9) is GRANTED. It is further

ORDERED that the motion for more definite statement filed by Defendants KHOU–TV, Al Howard and David Goldberg (entry 9) is MOOT. It is further

ORDERED that the remaining parties abide by the attached Rule 16 Scheduling Order.

IT IS SO ORDERED.