**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-60020
Summary Calendar
_____


ROBERT E. THOMPSON,

                              Plaintiff-Appellant,

                    VERSUS

             JESSIE BROWN,
        Secretary of Veterans Affairs,

                              Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Mississippi
_____

July 25, 1996

Before GARWOOD, SMITH, and BENAVIDES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


    Robert E. Thompson filed suit against Jessie Brown, Secretary of Veterans Affairs, for alleged violations of title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1991. Thompson failed to deliver a copy of the summons and complaint to the attorney for the Southern District of Mississippi and the Attorney General of the United States, as required by FED. R. CIV. P. 4(i). The District Court dismissed the suit, without prejudice, for failure to serve a defendant within 120 days. FED. R. CIV. P. 4(m). We affirm.

I.

Thompson concedes that he did not have good cause for his failure to serve the United States Attorney and the Attorney General but argues that the district court should have exercised its discretion to grant him an extension of time for service. Thus, as a threshold matter, we must decide whether rule 4(m), unlike its predecessor FED. R. CIV. P. 4(j), grants a district court discretion to permit an extension of time for service, absent a showing of good cause.

We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause.[1] *See, e.g.*, *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995); *Petrucelli v. Bohringer and Ratzinger*, 46 F.3d 1298, 1304 (3d Cir. 1995). Rule 4(m) states:

> **Time Limit for Service**. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Under rule 4(m), when a plaintiff fails to serve a defendant within

---

[1] We necessarily reject the Fourth Circuit's approach, which treats rule 4(m) as identical to the former rule 4(j). *See Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995). The *Mendez* opinion provides no insight as to why the court disregarded the plain language of rule 4(m) and instead treats the rule as the mirror image of rule 4(j). *See Mendez*, 45 F.3d at 78 (concluding, without explanation, that rule 4(j) was edited without a change in substance and renumbered as rule 4(m)).

the 120-day period, the district court has two choices: It may either "dismiss the action without prejudice . . . *or* direct that service be effected within a specified time." FED. R. CIV. P. 4(m) (emphasis added). The next portion of the rule qualifies the district court's choices, making an extension of time mandatory when the plaintiff shows good cause.

As a result of the rule change, when a district court entertains a motion to extend time for service, it must first determine whether good cause exists. If good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service. *See generally Petrucelli*, 46 F.3d at 1305-06 (discussing the procedure a district court must adopt under the amended rule).

## II.

The entire basis of Thompson's appeal is that the district court failed even to consider whether it should exercise its discretion to grant an extension. From the court's failure to assert its discretionary powers, Thompson infers a conclusion by the district court that it did not have the power to grant an extension absent a showing of good cause. If the inference is true, the district court applied an incorrect legal standard and, as such, abused its discretion.

Our review of the record convinces us that Thompson is mistaken. The absence of a discussion of the district court's

3

discretionary powers in the court's order does not demonstrate that the court misapplied rule 4(m). The court's failure to discuss its discretionary power is more properly attributed to the fact that Thompson did not raise the issue. Rather than concede lack of good cause and ask the court to grant an extension, Thompson argued that the defendant had waived the jurisdictional defect by filing an answer, participating in the case management conference, and joining in an agreed order of dismissal of improperly named defendants. Not once did Thompson assert that the court should excuse his neglect in failing to serve the defendants.

Absent any indication that Thompson raised the issue before the district court, his claim that the court applied the incorrect legal standard is insupportable. The court properly dismissed the claim once it had satisfied itself that good cause did not exist. Once Thompson admitted lack of good cause and failed to ask the court for an extension of time, the court was under no obligation to exercise its discretion.

Thompson's final allegation is that the district court relied on cases interpreting rule 4(j), proving that the court incorrectly believed that it did not have discretion to grant an extension of time. This argument has no merit. The cases cited by the court relate to Thompson's claim that the defendant waived its jurisdictional defenses. In rejecting that argument the court cited two of its previous opinions, *Turner v. United States E.P.A.*, 848 F. Supp. 711 (S.D. Miss. 1994), and *Classic Motel, Inc. v. Coral Group*, 149 F.R.D. 528 (S.D. Miss. 1993), for the proposition that the

4

defendant did not waive lack of subject matter jurisdiction by filing an answer and participating in case management. That general proposition of law was not affected by the amendments to rule 4, and the court's citation to them does not demonstrate any confusion.

AFFIRMED.