IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60445
Summary Calendar
_____


ALEXIS M. HERMAN, SECRETARY OF LABOR,
U.S. DEPARTMENT OF LABOR,

                    Plaintiff-Counter Defendant-Appellant,

versus

FREDDIE C. JOHNSON, SR.,
d/b/a/ F.C. Johnson Construction Company,

                    Defendant-Counter Claimant-Appellant,

versus

CLYDE D. PAYNE et al.,

                    Cross-Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:97-CV-38
- - - - - - - - - -

May 26, 1999

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Freddie C. Johnson appeals the district court's refusal to
grant his motion to dismiss the lawsuit instituted by the
Secretary of Labor ("the Secretary") to recover the penalties
assessed him under the Occupational Health and Safety Act

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

("OSHA"). Johnson renews his argument that the district court did not have subject-matter jurisdiction over the Secretary's lawsuit because the amount in controversy was less than $50,000. This argument is frivolous. See 28 U.S.C. § 1331; 29 U.S.C. § 666(1). Johnson's argument that the district court did not have the discretion to extend the time for service since the Secretary had not shown good cause for failing to make service within 120 days of filing the complaint is also frivolous. See Fed. R. Civ. P. 4(m) and advisory committee's notes; Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996).

Although Johnson attempts to renew his challenge to the underlying OSHA proceedings, he fails to brief in his appellate brief any coherent argument in connection with the district court's determination that the challenge is procedurally barred, and the issue is therefore abandoned. See Yohey v. Collins, 985 F.2d 222, 2242-5 (5th Cir. 1993)(arguments not briefed on appeal are waived); Fed. R. App. P. 28(a); see also United States v. Prince, 868 F.2d 1379, 1386 (5th Cir. 1989). Johnson also waives any argument in connection with the district court's dismissal of his counter and cross-claims by failing to brief it in his appellate brief. See id.

Johnson's argument that the district court erred in refusing to grant his motion for reconsideration will not be addressed since it is raised for the first time in his appellate brief. See Prince, 868 F.2d at 1386. Johnson does not challenge the district court's grant of the Secretary's motion for summary

judgment and has additionally abandoned that argument.  <u>See</u>

<u>Yohey</u>, 985 F.2d at 224-25.

Johnson's appeal is without arguable merit and is,

therefore, DISMISSED as frivolous.  <u>Howard v. King</u>, 707 F.2d 215,

219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED.