**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-50696
(Summary Calendar)

VALERIE SMART,

Plaintiff-Appellant,

versus

APPLIED MATERIALS, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas, Austin
A-00-CV-159-JN

July 3, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff Valerie Smart ("Smart") appeals from the district court's dismissal without prejudice of her Title VII complaint for failure to effect service in accordance with Fed. R. Civ. P. 4(m). For the following reasons, we reverse and remand.

FACTUAL AND PROCEDURAL BACKGROUND

On August 7, 1998, Smart filed a Title VII discrimination claim based on race, sex, and

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

disability against Applied Materials, Inc. ("Applied") with the Austin Human Rights Commission and the Equal Employment Opportunity Commission ("EEOC"). The EEOC sent Smart a letter informing her that it was dismissing her suit for lack of sufficient evidence and advising her that she could pursue a lawsuit against Applied in federal court.

Smart filed a pro se lawsuit[1] against Applied in the district court after the court denied her request to proceed in forma pauperis. After she filed the lawsuit, the district court also denied her request for appointment of counsel.

Smart failed to serve Applied with process within 120 days of filing her complaint, in accordance with Fed. R. Civ. P. 4(m). The district court notified Smart that if she did not effect service within ten days or show cause for her failure to effect service, her complaint would be dismissed without prejudice. The court ordered Smart to show cause within ten days why her complaint should not be dismissed. Smart responded to the district court's order by writing the court a letter indicating that she lacked knowledge regarding legal matters and other resources. She also stated that she was suffering from various injuries, is a single parent, had doctor's appointments, had been denied certain benefits, and was behind on her bills.

The district court found that Smart had failed to effect service on Applied within ten days and that the reasons stated in the letter for the failure did not constitute good cause. The court dismissed her complaint without prejudice for failure to comply with the court's order, failure to comply with the Federal Rules of Civil Procedure, and failure to prosecute. Smart now appeals the district court's ruling.

---

[1]Smart is represented by counsel in this appeal.

DISCUSSION

Smart argues that the district court incorrectly applied the good cause standard of Fed. R. Civ. P. 4(m)[2] in her case. She asserts that the court failed to make an excusable neglect inquiry and summarily dismissed her complaint without considering the circumstances surrounding her failure to effect service on Applied.

Smart also claims that her failure to effect service within 120 days was due to misinformation that she received from the district court clerk's office. Furthermore, she asserts that her failure to effect service on Applied within ten days of the district court's order was due to the ambiguity of the order and to misinformation that she received from the district court's clerk regarding the requirements of the order. She claims that she did not attempt to effect service on the defendant because it was unclear from the district court's order whether she was required to attempt to effect service, show cause for her failure to do so, or do both. Moreover, she argues that the district court's clerk informed her that the order only meant that she had to write a letter explaining to the court her failure to effect service. Smart also emphasizes her pro se status in arguing that the district court erred in dismissing her complaint and avers that the district court should have given her more latitude in assessing whether her claims should be dismissed.

We review a district court's dismissal of a complaint for failure to effect timely service of

---

[2]Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

3

process for abuse of discretion. Lindsey v. United States R.R. Ret. Bd., 101 F.3d 444, 445 (5th Cir. 1996). When a plaintiff has failed to effect service within the time required under Fed. R. Civ. P. 4(m), the district court may, on its own initiative and in its discretion, direct that service be effected within a specified period of time. FED. R. CIV. P. 4(m); Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996). The court may also choose to dismiss the complaint without prejudice. FED. R. CIV. P. 4(m); Thompson 91 F.3d at 21. However, "[i]f good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." Thompson 91 F.3d at 21.

We find that Smart has demonstrated that the district court abused its discretion in dismissing her complaint without prejudice.[3] We agree with Smart that the court's order is ambiguous from the perspective of a pro se litigant. The order stated the following:

> In accordance with FED. R. CIV. P. 4(M), the Court now notifies Plaintiff that if service is not effected within ten (10) days of the date of this Order, unless good cause is shown for the failure to effect service, this cause of action shall be dismissed without prejudice.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff SHOW CAUSE within ten days (10) of the date of this Order, why this cause of action should not be dismissed in accordance with FED. R. CIV. P. 4(M).
>
> IT IS FURTHER ORDERED that failure to respond to this Order may result in the dismissal of this cause of action pursuant to FED. R. CIV. P. 41(B) for failure to prosecute and for failure to comply with a Court Order.

One possible reading of the district court's order is that the court gave Smart the option of either effecting service within ten days or showing cause for her failure to do so. Another other possible

---

[3]We note that Smart did not present her allegation that the district court's clerk misinformed her regarding the requirement that she serve Applied within 120 days of filing her complaint. Thus, we will not consider this argument in her appeal. Furthermore, it is unnecessary to consider this argument given our disposition of her appeal.

interpretation of the above quoted language is that the district court ordered Smart to effect service on Applied and to show cause why her complaint should not be dismissed for having previously failed to effect service within the 120-day period required by Fed. R. Civ. P. 4(m). The only other possible reading of the court's order was that Smart was merely ordered to show cause for failing to effect service on Applied. This last interpretation, Smart asserts, is the one that she followed. Smart's interpretation is not untenable given that the only instruction following the portion of the order stating, "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED" was for Smart to show cause why her complaint should not be dismissed.

If the intent of the district court was to give Smart an option, had she understood the order as indicating such, she may have chosen to effect service on Applied instead of attempting to show cause for failing to do so. Similarly, if the intent of the court was to order Smart to effect service as well as show cause, then she may have done both. In short, had the show cause order been clear, Smart may have chosen to effect service on Applied instead of or in addition to showing cause why her complaint should not be dismissed.

Compounding the ambiguity of the show cause order is the district court's order dismissing Smart's complaint. That order states that "Plaintiff has failed to effect service and failed to show good cause for doing so as of the date of this Order. Therefore, the court finds this cause should be dismissed without prejudice." Again, the court's language could be interpreted as dismissing Smart's complaint because she failed to effect service *or* to show good cause or because she failed to effect service *and* show good cause.

Accordingly, we find that the court abused its discretion in dismissing Smart's complaint because its show cause order did not clearly indicate, given that the plaintiff was a pro se litigant, the

5

steps that Smart was required to take in order to prevent the dismissal of her complaint. Thus, we reverse and remand this case. On remand, the district court should give Smart another opportunity to effect service on Applied within ten days or whatever time period it deems appropriate.

CONCLUSION

Because we find that the district court's show cause order is ambiguous, we REVERSE the district court's order dismissing Smart's complaint and REMAND this case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.