Deanna Marie MELTON,

v.

TYCO VALVES & CONTROLS, INC., et al.

No. CIV.A. WMN–02–322.

United States District Court, D. Maryland.

Nov. 1, 2002.

J. Edward Martin, Law Offices of Joseph Edward, Towson, MD, Carmel J. Snow, Baltimore, MD, for plaintiff.

Daniel W. Whitney, Jeffrey C. Shipley, Whitney and Borgis LLP, Towson, MD, Roger O. Robertson, Law Office of Joseph M. Jagielski, J. Paul Mullen, Lord and Whip PA, Robert H. Bouse, Jr., Dawn Patricia Lanzalotti, Anderson, Coe and King, LLP, Baltimore, MD, for defendants.

## MEMORANDUM

NICKERSON, Senior District Judge.

Before the Court is Defendant H. Putsch & Company's Motion to Dismiss (Paper No. 19).[1] The motion has been fully briefed and is ripe for decision. Upon review of the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion will be denied.

This case arises out of the tragic death of Patricia Ann Martin, mother of Plaintiff, who died from injuries she suffered while employed at the Domino Sugar factory in Baltimore. Plaintiff initially filed this action in the Circuit Court for Baltimore City, but the action was subsequently removed to this Court on January 30, 2002. On May 6, 2002 this Court issued an Order requiring Plaintiff to provide the Court with a status report as to service upon Defendant H. Putsch & Company. Plaintiff responded with a status report in the form of a letter received by the Court on May 13, 2002. This Court then issued an Order, dated May 14, 2002, that directed Plaintiff to effectuate service upon

---

1. Also before the Court is Plaintiff's Motion to Strike "Defendant's Reply to Plaintiff's Motion to Dismiss" (Paper No. 22). Attached to Defendant's reply are an affidavit and exhibit asserting a different ground for dismissal of Plaintiff's claim. See Def.'s Reply at ¶ 3 (indicating that the named Defendant is a separate and distinct North Carolina corporation which never designed, manufactured, sold, installed, or serviced any of the equipment at the site of the alleged accident). Recognizing that Defendant did not present this issue in the proper manner, the Court will nonetheless deny Plaintiff's motion to strike in the interest of efficiency. The Court will consider Defendant's reply to be a motion for summary judgment filed on the date of this Order. See Fed.R.Civ.P. 12(b) (indicating that when matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56"). Plaintiff and Defendant thereafter should follow the Local Rules in filing any opposition and reply memoranda to the motion.

Defendant H. Putsch & Company within thirty days of the Order or risk dismissal of the action, without prejudice, as to that Defendant. Plaintiff obtained service on Defendant H. Putsch & Company on June 4, 2002. Defendant now moves to dismiss the action as untimely served pursuant to Fed.R.Civ.P. 12(b)(5) and 4(m).

Fed.R.Civ.P. 12(b)(5) provides that a motion to dismiss may be based on "insufficiency of service of process." The requirements for service of process are set forth in Fed. R.Civ.P. 4. Rule 4(m) states, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effectuated within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period . . . .

In this case, it is undisputed that Plaintiff failed to effect service of process upon Defendant H. Putsch & Company within the 120 days specified by Rule 4(m). *See* Def.'s Mot. at 2. Plaintiff did, however, serve process upon Defendant within the time specified by this Court in its May 14, 2002 Order.[2] Defendant H. Putsch & Company argues that Plaintiff failed to show good cause for the failure to effect service within the required time and that "under the current law of the Fourth Circuit, this Honorable Court does not have discretion to extend the 120 day deadline." Def.'s Reply at 1. Defendant cites the Fourth Circuit case, *Mendez v. Elliot,* 45 F.3d 75, 79 (4th Cir.1995), for its legal authority. In *Mendez,* the Fourth Circuit stated that "Rule 4(m) requires that if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause." *Id.* at 78.

The current Rule 4(m) was added to the Federal Rules of Civil Procedure in December 1993. Its predecessor was the former Rule 4(j), which required courts to dismiss a plaintiff's complaint absent a showing of good cause if service was not made within 120 days after the filing of the complaint. *See Hammad v. Tate Access Floors,* 31 F.Supp.2d 524, 526–27 (D.Md.1999). In *Mendez,* the Fourth Circuit stated that as part of the 1993 revisions to the Federal Rules of Civil Procedure, "Rule 4(j) was edited without a change in substance and renumbered as Rule 4(m)." *Mendez,* 45 F.3d at 78. *Mendez* made no mention of the Advisory Committee Notes which directly contradict its interpretation and explain, in relevant part, that the new Rule 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."

"Among the circuit courts that have addressed this issue, the Fourth Circuit stands alone in holding that Rule 4(m) does not permit a district court to grant the plaintiff a discretionary extension of time to effect service of process." *Hammad,* 31 F.Supp.2d at 526; *see Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996); *Troxell v. Fedders of North America, Inc.,* 160 F.3d 381, 383 (7th Cir. 1998); *De Tie v. Orange County,* 152 F.3d 1109, 1111 n. 5 (9th Cir.1998); *Boley v. Kaymark,* 123 F.3d 756, 758 (3d Cir.1997); *Adams v. AlliedSignal Gen. Aviation Avionics,* 74 F.3d 882, 887 (8th Cir.1996); *Espinoza v. United States,* 52 F.3d 838, 840–41 (10th Cir.1995). More significantly, subsequent to the Fourth Circuit's decision in *Mendez,* the United States Supreme Court, in *Henderson v. United States,* 517 U.S. 654, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996), stated in dicta that the 1993 amendment accorded courts discretion to enlarge the 120 day period for service, even absent good cause. *Id.* at 662–63, 116 S.Ct. 1638.

Based on the Supreme Court's clear explication of the meaning of Rule 4(m) in *Henderson* to allow discretionary extensions of time for service of process and on the other circuit courts' unanimous rejection of the *Mendez* court's position, this Court believes that the continued vitality of *Mendez* is seriously in doubt. *Hammad,* 31 F.Supp.2d

---

2. This Court's May 14, 2002 Order extended the 120–day service requirement to June 14, 2002 from the original deadline of May 29, 2002.

at 527. Consequently, the Court concludes that under Rule 4(m), it possesses the discretionary authority to extend the time allowed for service of process, and that Plaintiff timely served process upon Defendant H. Putsch & Company. The Court will deny Defendant's motion to dismiss. A separate order will issue.

### ORDER

Pursuant to the foregoing memorandum, and for the reasons stated therein, IT IS this day of November, 2002, by the United States District Court for the District of Maryland, hereby ORDERED:

1. That Defendant H. Putsch & Company's Motion to Dismiss (Paper No. 19) is hereby DENIED;

2. That Plaintiff's Motion to Strike "Defendant's Reply to Plaintiff's Motion to Dismiss" (Paper No. 22) is hereby DENIED;

3. That Plaintiff and Defendant should follow the Local Rules in filing any reply and opposition memoranda to Defendant's Reply; and

4. That the Clerk of the Court shall mail or transmit copies of the foregoing memorandum and this order to all counsel of record.