United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 02-21354
Summary Calendar

---

United States of America, ex rel.; JAMES BOWMAN; JERMON BROWN;
DONNA BUZZELLI; CHRISTINA CARLYLE; GILBERT CRUZ; LEVI GASTON,
III; MICHAEL GRANDMAITER; RICHARD HIGGINS; BEN HUGHES; JOHN
KURUVILLA; JOHN T. KEYS; DONNA LEATH; KYLE LYNCH; GEORGE
MICHALINOS; MICHAEL MORRIS; KIMBERLY D. PRICE; SCOTT SORENSON;
JACK H. TA; LINDA VANDALL; FRANK WETEGROVE; MICHAEL WOOD,

Plaintiffs-Appellants,

versus

COMPUTER LEARNING CENTERS, INC.; REID R. BECHTLE; CHARLES S.
COSGROVE; SUSAN L. LUSTER; MARK M. NASSER; HARRY H. GAINES; RALPH
CLARK; IRA COHEN; JOHN L. CORSE; STEPHEN P. REYNOLDS; PRICE
WATERHOUSE LLP,

Defendants-Appellees.

---
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-1138
---

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

James Bowman, et al. (Bowman) filed a <u>qui</u> <u>tam</u> action

pursuant to 31 U.S.C. § 3730(b)(1) of the False Claims Act

against Computer Learning Centers (CLC), various officers and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

board members of CLC, and Price Waterhouse LLP ("PW").  After CLC filed a bankruptcy petition, the district court, invoking 11 U.S.C. § 362(a)(1), issued an order dismissing the entire action without prejudice.

Bowman argues that the district court's dismissal of the entire action was erroneous.  He argues that CLC's filing of a bankruptcy petition should not affect the pursuit of claims against PW and the remaining defendants.

Once a party files in bankruptcy, further actions against the debtor are stayed under 11 U.S.C. § 362.  See Arnold v. Garlock, Inc., 278 F.3d 426, 435-36 (5th Cir. 2001).  However, "a section 362(a)(1) stay is available only for the debtor's benefit and does not prohibit actions against nonbankrupt third parties or codefendants."  In re S.I. Acquisition, Inc., 817 F.2d 1142, 1147 (5th Cir. 1987).  Accordingly, we VACATE the district court's order of dismissal and REMAND this matter for further proceedings not inconsistent with this opinion.

PW argues that the district court's dismissal should be affirmed on an alternate ground.  PW contends that Bowman failed to effect service within the 120-day period provided by FED. R. CIV. P. 4(m), and that Bowman cannot show "good cause." However, as we explained in Thompson v. Brown, 91 F.3d 20, 21 (5th Cir. 1996), a district court enjoys discretion under Rule 4(m) to extend the time for service even when a plaintiff fails to show good cause.  "If good cause is present, the district

court _must_ extend time for service.  If good cause does not exist, the court _may_, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." _Id._

Because Rule 4(m) vests the district court with discretion to extend the time for service if good cause does not exist, _see_ _id._, it would be inconsistent with the dictates of the rule, as well as an infringement on the discretion granted the district court, to affirm the district court's dismissal based merely on the absence of good cause.  Accordingly, we do not reach the good cause issue, and we decline to affirm the judgment on the alternate ground argued by PW.

VACATED and REMANDED.