[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-14312
Non-Argument Calendar

_____

D.C. Docket No. 1:20-cv-23145-KMW

EVGENY RYZHOV,
on behalf of himself and his minor children,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,
its agencies,
SECRETARY, FLORIDA AGENCY FOR HEALTH
CARE ADMINISTRATION (AHCA),
SECRETARY, FLORIDA DEPARTMENT OF
CHILDREN AND FAMILY SERVICES,
SECRETARY, FLORIDA DEPARTMENT OF HEALTH,
EXECUTIVE DIRECTOR AT THE FLORIDA DEPARTMENT OF
HIGHWAY SAFETY AND MOTOR VEHICLES (DHSMV), et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 22, 2021)

Before JORDAN, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Evgeny Ryzhov, proceeding pro se,[1] appeals the district court's

orders dismissing without prejudice Plaintiff's civil action and denying Plaintiff's

motion to reinstate the case.  No reversible error has been shown; we affirm.

On 29 July 2020, Plaintiff filed pro se this civil action against (1) the State

of Florida, (2) the Secretary of the Florida Agency for Health Care Administration,

(3) the Secretary of the Florida Department of Children and Family Services, (4)

the Secretary of the Florida Department of Health, (5) the Executive Director of

the Florida Department of Highway Safety and Motor Vehicles, and (6) the Florida

Executive Director of the Department of Economic Opportunity.

---

[1] We read liberally briefs filed by pro se litigants.  See Timson v. Sampson, 518 F.3d 870, 874
(11th Cir. 2008).

2

Briefly stated, Plaintiff alleged violations of federal and state law related to three circumstances: (1) his minor daughters' inability to receive dental care through Medicaid; (2) the failure of the Florida Department of Highway Safety and Motor Vehicles to respond to Plaintiff's request for documents; and (3) the denial of Plaintiff's application for a Bridge Loan during the COVID-19 pandemic. Plaintiff purported to assert claims for unlawful discrimination in the allocation of federal funds and for violation of the Social Security Act, the Freedom of Information Act, and the Florida Sunshine Law.

On 19 October 2020, the district court issued a paperless order advising that "Plaintiff shall effect service of process and file proof of service of the Complaint by no later than October 27, 2020." The district court stated that failure to do so would result in dismissal without prejudice under Fed. R. Civ. P. 4(m).

Before the dismissal deadline, Plaintiff never asked for an extension of time to serve defendants. On 28 October 2020 -- having heard nothing from Plaintiff -- the district court issued a second paperless order. The district court stated that Plaintiff had failed to file proof of service by the 27 October 2020 deadline. As a result, the district court dismissed without prejudice Plaintiff's complaint under Rule 4(m).

3

On 30 October 2020, Plaintiff moved to reinstate the case under Fed. R. Civ. P. 59(e) and 60(b).  In a sworn affidavit, Plaintiff attested that -- on 20 August 2020 -- he had sent each defendant "a Notice of a Lawsuit accompanied by a copy of the complaint and 2 copies of the waiver form."  On 11 September 2020, Plaintiff spoke with a representative of the Florida Agency for Health Care Administration who confirmed receipt of Plaintiff's complaint.  On 20 October 2020, Plaintiff received an email from Robert Gregg with the Office of the Attorney General of Florida.  In that email, Assistant Attorney General Gregg said he had been assigned to represent the Florida Department of Health, the Florida Agency for Healthcare Administration, and Florida Department of Equal Opportunity in Plaintiff's case and informed Plaintiff that those defendants would not waive service of process.

Plaintiff attested that he was unsure of how to proceed after defendants declined to waive service.  Plaintiff said he was inexperienced with the Federal Rules of Civil Procedure, had acted in good faith, and asked the district court for an opportunity to cure the defective service of process.

On 3 November 2020, the district court denied Plaintiff's motion to reinstate.

We review for abuse of discretion a district court's <u>sua sponte</u> dismissal under Rule 4(m) for failure to effect service.  <u>See Richardson v. Johnson</u>, 598 F.3d 734, 738 (11th Cir. 2010).  We also review the denial of a motion under Rule 59(e) or Rule 60(b) under an abuse-of-discretion standard.  <u>See Arthur v. King</u>, 500 F.3d 1335, 1343 (11th Cir. 2007) (Rule 59(e)); <u>Rice v. Ford Motor Co.</u>, 88 F.3d 914, 918 (11th Cir. 1996) (Rule 60(b)).  Although we construe liberally <u>pro se</u> pleadings, <u>pro se</u> litigants must still comply with applicable procedural rules.  <u>See Albra v. Advan, Inc.</u>, 490 F.3d 826, 829 (11th Cir. 2007).

Service on a state or on a state-created governmental organization may be effected by following the pertinent state's service-of-process rules or by "delivering a copy of the summons and of the complaint to its chief executive officer."  Fed. R. Civ. P. 4(j).  The federal procedure for waiving service of process is inapplicable to state and local governments.  <u>See</u> Fed. R. Civ. P. 4(d) (providing only that individuals, corporations, and associations subject to service under Rule 4(e), (f), or (h) may waive service of process); <u>Lepone-Dempsey v. Carroll Cnty. Comm'rs</u>, 476 F.3d 1277, 1281 (11th Cir. 2007).

The plaintiff is responsible for completing proper service on a defendant (including serving the defendant with both the summons and the complaint) within the time allowed under Rule 4(m).  Fed. R. Civ. P. 4(c)(1).  Under Rule 4(m), "[i]f

5

a defendant is not served within 90 days after the complaint is filed, the court . . .

must dismiss the action without prejudice against that defendant or order that

service be made within a specified time." Fed. R. Civ. P. 4(m).

If the plaintiff shows good cause for failing to effect timely service before

the dismissal, the district court must extend the time for service. Id. "Good cause

exists only when some outside factor, such as reliance on faulty advice, rather than

inadvertence or negligence, prevented service." Lepone-Dempsey, 476 F.3d at

1281 (quotations and alteration omitted).

Even absent a showing of good cause, the district court before dismissal

maintains discretion to extend the time for service. And we have said that courts

"must still consider whether any other circumstances warrant an extension of time

based on the facts of the case." Id. at 1282. In Lepone-Dempsey, we concluded

that the district court abused its discretion in denying plaintiffs' request (made

before a dismissal order) for an extension of time to complete service, without the

court's indicating that it had considered plaintiffs' argument (spelled out in a

motion for reconsideration but already clear from the record itself at the time of

dismissal) that the running of the statute of limitations would bar them from

refiling their claims. Id. at 1280, 1282.

While speaking about our decision in Lepone-Dempsey, we vacated recently a district court's dismissal of defendants under Rule 4(m). See Bilal v. Geo Care, LLC, 981 F.3d 903, 920 (11th Cir. 2020) (a case tied to whether the complaint stated a claim per Rule 12(b)(6)). There, plaintiff in advance of dismissal had moved for more time to make service. We noted that -- on top of the district court's errors, including expressly concluding (incorrectly) that the complaint failed to state a claim -- the district court had not ruled on the question about whether plaintiff had demonstrated good cause or other circumstances justifying an extension. Id. at 919-20.

Here, that Plaintiff failed to serve properly the Florida defendants is clear.[2] Plaintiff attempted to serve defendants using only the waiver-of-service procedure: a procedure inapplicable to states and state agencies. Nor has Plaintiff contended that his defective service was caused by the kind of outside factor that might give rise to "good cause," requiring an extension of time to complete service. Plaintiff's pro se status and misunderstanding of the procedural rules alone are insufficient to

---

[2] On appeal, Plaintiff contends he was unable to serve the defendants because the clerk for the district court never signed, sealed, or issued the completed summonses to Plaintiff, as provided under Rule 4(b). Because Plaintiff raises this argument for the first time on appeal, the argument is not properly before us. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331-32 (11th Cir. 2004). We also note that nothing in the record evidences that Plaintiff submitted properly completed summonses to the district court for signature.

7

establish good cause. See Albra, 490 F.3d at 829, Lepone-Dempsey, 476 F.3d at 1281.

Plaintiff has also never argued (and nothing in Plaintiff's complaint makes obvious) that the district court should have expressly considered exercising its discretion to extend the time for service based on some other circumstance, such as the running of the statute of limitations.

We review for abuse of discretion: a deferential standard. In this case, no request for an extension of time to make service was filed in advance of the court-ordered deadline for dismissal. The district court's dismissal order was not on its face based on a legally erroneous ground. Plaintiff presented to the district court -- before dismissal -- zero elements (and none were otherwise obvious from the record) that might make dismissal without prejudice not right at the time of dismissal. Never did the district court explicitly decline to consider any factor or circumstance before deciding to dismiss. This case is significantly different from our precedents that resulted in reversals and remands. In a case like this one, a court's leaving out of its dismissal order a discussion of an argument that was never presented to it can be no abuse of discretion. For background, see Thompson v. Brown, 91 F.3d 20, 21-22 (5th Cir. 1996) (cited with approval in Lepone-Dempsey) (rejecting an argument that the district court abused its

discretion by not discussing expressly a permissive extension under Rule 4(m): "[a]bsent any indication that [plaintiff] raised the issue before the district court, his claim that the court applied the incorrect legal standard is insupportable.").

Under the circumstances presented in this case -- including Plaintiff's silence (before the dismissal) in response to the district court's 19 October 2020 order directing service and warning expressly about the consequences for failing to do so -- the district court abused no discretion in dismissing without prejudice Plaintiff's complaint under Rule 4(m).

The district court also committed no abuse of discretion in denying Plaintiff's motion to reinstate the case.  Relief under Rule 59(e) may be granted based only on "newly-discovered evidence or manifest errors of law or fact." Arthur, 500 F.3d at 1343 (alteration omitted).  "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  Id. (alterations omitted).

Under Rule 60(b), a court may relieve a party from a final judgment or order for various reasons, including upon a showing of "mistake, inadvertence, surprise, or excusable neglect" or "newly discovered evidence."  Fed. R. Civ. P. 60(b)(1), (b)(2).  To obtain relief on appeal, a Rule 60(b) movant must do more than show that the district court could have vacated its order: the movant "must demonstrate a

9

justification so compelling that the court was required to vacate its order." Solaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986).

On appeal, Plaintiff challenges the district court's denial of his motion to reinstate because Plaintiff says he in fact completed timely and proper service and should have been permitted to amend his proof of service. Plaintiff is incorrect. As we have discussed, Plaintiff did not effect proper service on defendants. Because Plaintiff's motion to reinstate and his supporting affidavit identified no "newly discovered evidence" (that is, no evidence that could not have been presented in advance of the time of the dismissal order) or error or mistake in the district court's judgment, we are not compelled to conclude that the district court abused its discretion in denying Plaintiff relief.

No abuse of discretion has been shown in this case.

AFFIRMED.