# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2026

Lyle W. Cayce
Clerk

————————

No. 25-20511
Summary Calendar

————————

Roosevelt L Linicomn,

*Plaintiff—Appellant*,

*versus*

Harris County Sheriff's Office; Officer J. Bernico;
Houston Police Department,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CV-2137

———————————————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Roosevelt Linicomn, appearing pro se and in forma pauperis, filed suit on May 7, 2025, based on a police report that "took the side of a Mexican lady who was in the wrong" and assigned him responsibility for an April 16, 2023 car accident. Linicomn initially named as defendants

——————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20511

"Officer J. Bernico" and the Harris County Sheriff's Office, and asserted a claim under 42 U.S.C. § 1983.

The district court dismissed each defendant on separate grounds. It granted Officer Benico's Rule 12(b)(5) motion because Linicomn neither served Officer Benico within the 90-day period established by Rule 4(m) nor established good cause for the delay.[1] The court also declined to grant a discretionary extension of time for service because the statute of limitations expired on Linicomn's claim before suit was filed.[2] Linicomn does not address this ruling on appeal, so has forfeited the issue.[3]

The district court granted the Sheriff's Office's Rule 12(b)(6) motion because the Office is a non-jural entity without capacity to sue or be sued. Conceding the point, Linicomn sought to amend his complaint to substitute the Houston Police Department for the Sheriff's Office. The district court rejected Linicomn's proposed amendment as untimely under Rule 15(a)(1)(A).[4] Linicomn timely appealed.

Linicomn's appeal argues that he was entitled to amend his complaint because counsel for the Sheriff's Office consented to the amendment.[5] While we find no written consent in the record, we agree with Linicomn that the

---

[1] *See* FED. R. CIV. P. 4(m).

[2] *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (regarding discretionary extensions of time to serve a defendant).

[3] *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (holding that even pro se litigants must brief arguments to preserve them); *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (explaining that failure to address any error in the district court's analysis is the same as if the appellant had not appealed the judgment).

[4] *See* FED. R. CIV. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course no later than . . . 21 days after serving it[.]").

[5] *See* FED. R. CIV. P. 15(a)(2) (allowing amendment with leave of court or written consent of opposing counsel).

district court erred in denying him leave to amend. Rule 15(a)(1)(B)[6] permits amendment as a matter of course if filed within 21 days after service of a Rule 12(b) motion, which is what Linicomn did: he filed his amendment in response to and within five days of service of the Sheriff's Office's Rule 12(b)(6) motion.

Just because the district court erred does not require remand, however. This court may affirm dismissal on any ground supported by the record.[7] Here, the sufficiency of the amended complaint raises a purely legal question, which we may consider under harmless-error principles.[8]

We conclude that Linicomn's proposed amended complaint fails to state a claim for multiple reasons. It does not mention the Police Department at all, much less allege that its conduct injured Linicomn or that its policies gave rise to a constitutional violation as required to maintain a *Monell* claim.[9] Construed with extreme liberality, the complaint seeks to hold the Department liable for merely employing Officer Benico, which is not actionable under § 1983.[10] And much like the Sheriff's Office, it's not established that the Houston Police Department is a jural entity susceptible

---

[6] *See* Fed. R. Civ. P. 15(a)(1)(B).

[7] *See Sojourner T. v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992) (stating the court may affirm the district court's judgment on any ground supported by the record).

[8] *See* 28 U.S.C. § 2111 ("On the hearing of any appeal or writ of certiorari in any case, the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.").

[9] *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Valle v. City of Houston*, 613 F.3d 536, 541–42 (5th Cir. 2010).

[10] *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) ("*Monell* and later decisions reject municipal liability predicated on respondeat superior, because the text of section 1983 will not bear such a reading.").

to suit.[11] Finally, as the district court found with respect to its Rule 4(m) ruling, Linicomn's claim is time-barred on the face of the amended complaint: the only events described in the amended complaint—Officer Benico's production of the offending accident report—occurred on April 16, 2023. Linicomn did not file suit until May 7, 2025, more than two years after he had notice of the basis for his claim.[12] Because the amended complaint does not state a plausible claim as a matter of law, any error in the district court's denial of leave to amend was harmless, and dismissal can be upheld without remand.

Liberally construing Linicomn's appellate briefs, we find no further meritorious claims of error. Accordingly, the district court's dismissal is AFFIRMED.

---

[11] *See* FED. R. CIV. P. 17(b); *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993) ("The Houston Police Department is a department within the City of Houston, not an individual, corporation, partnership or unincorporated association. Accordingly, it lacks legal existence and the capacity to be sued."); *see also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991) (noting that, as an agency or subdivision of the city, the police department could not be sued separately).

[12] *See Piotrowski*, 237 F.3d at 576 ("The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. Since Texas has a two year statute of limitations for personal injury claims, Piotrowski had two years to file suit from the date her claim accrued." (cleaned up)).